```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/29/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATAN DVIR,

                           Plaintiff,

   - against -

DANCING ASTRONAUT, INC.

                           Defendant.

Docket No. 18-cv-9416 (VEC)

DEFAULT JUDGMENT

---

      This matter came before the Court on plaintiff Natan Dvir ("Plaintiff")'s motion [Dkts. 16-19] for entry of a default judgment against defendant Dancing Astronaut, Inc. ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

      1.     Plaintiff's complaint and an original summons were served on Defendant on October 16, 2018. An affidavit of service was filed with the Court on October 30, 2018 [Dkt. 8].

      2.     On February 27, 2019, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action [Dkt. 27].

      3.     Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

      4.     Plaintiff filed his application for entry of default judgment on March 13 and 14, 2019 [Dkts. 16-19].

5. On March 15, 2019, the Court scheduled a hearing for Plaintiff's application and issued an Order for Defendant to show cause by April 19, 2019 why a default judgment should not be entered in favor of Plaintiff. Defendant failed to respond to that Order and did not appear at the Court's show-cause hearing on April 19, 2019.

6. At the show-cause hearing on April 19, 2019, the Court heard from Plaintiff regarding the appropriate amount of statutory damages and attorneys' fees. Plaintiff declined to provide any information regarding past licensing of the photograph at issue. In an effort to fix "the amount of damages with reasonable certainty," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), but given little to no evidence from Plaintiff, the Court estimated that a maximum license fee that would have been appropriate for Plaintiff's photograph was $1000 and determined that treble damages would adequately deter future infringement by this Defendant. *See Bryant v. Media Right Prods. Co.*, 603 F.3d 135, 144 (2d Cir. 2010) ("When determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."); *see also id.* at 144 & n.8 (affirming award of $2400 in statutory damages where infringers' profits were "meager" and Plaintiffs "offered no evidence to support their claim" that they "must have been higher").

7. As to attorney's fees, Plaintiff sought $2975.00 in attorneys' fees. That figure was based on an hourly rate of $450 for Richard Liebowitz, Esq., an attorney who has been a member of the New York state bar for fewer than four years. In addition to an outlandish hourly

rate for an attorney with so little experience and for a case so factually and legally straightforward, Plaintiff asserted that Mr. Liebowitz had:

- logged 2.5 hours for reviewing the case file, conducting due diligence regarding the photograph's copyright registration, and modifying and filing a cookie-cutter Complaint that Mr. Liebowitz has used, it appears, in virtually every other one of the hundreds of similar cases he has filed in this district;

- logged 0.5 hours for "[p]rocess[ing] service of summons and complaint" and another 0.5 hours on 2/15 for "[r]equest[ing] Clerk's Entry of Default," paralegal tasks that should be compensated at $100 per hour at most; and

- logged 3.5 hours for "[d]raft[ing] and research[ing] application for default judgment, including attorney declaration," a request of dubious accuracy given that Plaintiff's default-judgment submissions were virtually identical to those that Mr. Liebowitz's associate filed in November and December 2018 in another, virtually identical case before another judge of this district, *compare* Dkts. 16-18 (Plaintiff's default-judgment materials), *with* App. A (default-judgment materials in *Hirsch v. The Dishh, LLC*, No. 18-CV-9079-LGS (S.D.N.Y. Nov. 21 and Dec. 7, 2018)).

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's Application for Entry of Default Judgment is GRANTED pursuant to Fed. R. Civ. P. 55(b)(2); it is

**FURTHER ORDERED** that the Court declares that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work; it is

**FURTHER ORDERED** that Defendant shall pay $3,000.00 in statutory damages under 17 U.S.C. § 504(c)(2) in addition to $355.00 in attorneys' fees and $480.00 in costs pursuant to 17 U.S.C. § 505, for a **grand total of $3,835**.

**FURTHER ORDERED** that Plaintiff shall receive postjudgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

 The Clerk of Court is respectfully directed to enter judgment in Plaintiff's favor, terminate all open motions, and close this case.

**SO ORDERED.**

**Date:  April 29, 2019**          **VALERIE CAPRONI**
**New York, New York**          **United States District Judge**