UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| NATAN DVIR | |
|---|---|
| Plaintiff, | Case No. 1:18-cv-09416 (VEC) |
| - against - | |
| DANCING ASTRONAUT, INC. | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO COURT'S ORDER TO SHOW CAUSE**

Plaintiff Natan Dvir, via counsel, respectfully submits this memorandum of law in opposition to the Court's Order to Show Cause to impose sanctions against Plaintiff's counsel. [Dkt. #25]

**INTRODUCTION**

On April 19, 2019, the Court held a hearing on an Order to Show Cause for default judgment against defendant. The Honorable Valeire E. Caproni (U.S.D.J.) ordered Plaintiff's counsel, Richard Liebowitz, to file a revised proposed default judgment (the "Revised Document"). Mr. Liebowitz does not believe that the Court set a date by which time the Revised Document had to be filed. Moreover, any failure on Mr. Liebowitz's part to file the Revised Document constituted an administrative oversight that does not rise to the level of bad faith required to impose sanctions under section 1927 or the Court's inherent powers.

**ARGUMENT**

**SANCTIONS ARE NOT WARRANTED UNDER SECTION 1927
NOR PURSUANT TO THE COURT'S INHERENT POWERS**

Section 1927 authorizes the imposition of sanctions when "there is a clear showing of bad faith on the part of an attorney." *Shafii v. British Airways, PLC,* 83 F.3d 566, 571 (2d Cir.1996); *accord Oliveri,* 803 F.2d at 1273; *Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000). Indeed, "[b]ad faith is the key element in the imposition of § 1927 sanctions...." *Wood v. Brosse U.S.A., Inc.,* 149 F.R.D. 44, 48 (S.D.N.Y.1993), which 'is highly unusual and requires a clear showing of bad faith," *First Interregional Equity Corp. v. Haughton,* 1994 WL 364038, at*4 (S.D.N.Y. July 13, 1994). Similarly, in order to impose sanctions pursuant to its inherent power, "a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper

purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)

Whether under the court's inherent power section 1927, bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they <u>must have been undertaken for some improper purpose such as delay</u>." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Shafii,* 83 F.3d at 571 (internal quotation marks omitted)).

In addition to delay, examples of improper motivation include harassment, i.e., " a pattern of litigation designed to evade previous rulings," *Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001), *aff'd*, 63 F. App'x 548 (2d Cir. 2003) or the "seeking [of] some collateral advantage or corresponding detriment to the [adverse party] which is outside the legitimate ends of process," *Bernard v. United States,* 25 F.3d 98, 104 (2d. Cir.1994).

Other types of acts that would justify sanctions under the "bad faith" test of section 1927 include "resubmitting a motion that had previously been denied;" "bringing a motion based on 'facts' the opposite of which were previously found by the court;" "making several insupportable bias recusal motions and repeated motions to reargue;" "continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased;" and "waiting until the eve of trial before making a jury demand." *Hudson Motors Partnership v. Crest Leasing Enterprises,* 845 F.Supp. 969, 978 (E.D.N.Y.1994); *Keller v. Mobil Oil Corp.,* 55 F.3d 94, 99 (2d Cir.1995).

Thus, under controlling Second Circuit law, bad faith can only be inferred to establish the requisite second factor (i.e., improper purpose) where Defendant has made a clear showing that the purpose of the motion is *collateral* to the prayer for relief sought or there is some kind of repeated and continuous failure on the part of an attorney to follow the Court's orders. But there is not a scintilla of evidence showing that Liebowitz's actions were motivated by a

collateral purpose such as delay or harassment.

<u>First</u>, there is absolutely no record evidence showing that Liebowitz abstained from filing the Revised Document to delay adjudication of the proceeding.

<u>Second</u>, there is no evidence that Liebowitz abstained from filing the Revised Document to harass Defendant.

<u>Third</u>, Liebowitz, as counsel for plaintiff in his application for default judgment, would have no incentive to delay the proceeding as the faster default judgment is entered, the faster Liebowitz can collection the judgment. So it is counterintuitive to suggest that Liebowitz did not file the Revised Document in order to delay the satisfaction of the judgment.

Finally, administrative oversight by an attorney is not a proper grounds to impose sanction under section 1927 or the Court's inherent powers. Under Second Circuit law, sanctions against an attorney may not be sustained under § 1927 (or the Court's inherent power) where the attorney's action was nothing more than "the result of poor legal judgment." *Schlaifer,* 194 F.3d at 340 (reversing sanctions imposed under § 1927 because "poor legal judgment" is not sanctionable where "there is no evidence to suggest that [Appellants] had utterly no basis for their subjective belief in the merits of their case").

*Schlaifer*'s holding is consistent with longstanding Second Circuit authority dating back more than forty years. *See In re Sutter*, 543 F.2d 1030, 1035 (2d Cir. 1976) ("we agree that attorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment") (internal quotations omitted); *accord Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000) (reversing sanctions upon finding that an attorney's meritless actions showed "poor legal judgment" but did not warrant sanctions under § 1927).

**CONCLUSION**

Based on the foregoing, because there is no evidence that Liebowitz acted in bad faith or for improper purpose, the Court should not impose of sanctions against him.

.

                                        Respectfully Submitted,

                                        LIEBOWITZ LAW FIRM, PLLC

                                        **/richardliebowitz/**
                                        Richard Liebowitz, Esq.
                                        11 Sunrise Plaza, Ste. 305
                                        Valley Stream, NY 11580

                                        *Counsel for Plaintiff*